**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JOHN LOUIS ATKINS, #02184778, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-413-JDK-KNM |
| | § | |
| JAMADRE L. ENGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Louis Atkins, a prisoner confined within the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights while imprisoned. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I.**

Plaintiff seeks a preliminary injunction concerning his smoke inhalation claims. Docket No. 23. Plaintiff maintains that Defendants act with deliberate indifference to his health and safety by evading an issue with toxic smoke in the prison housing area at the Coffield Unit since the COVID-19 pandemic. He complains that prisoners smoke "tune," which he identifies in his amended complaint as "an illegal carcinogenic substance (considered contraband)," Docket No. 37 at 15. He states that "tune smoke" is "far more toxic than chemicals in cigarettes," which has

caused prisoners to be sent to the hospital or infirmary. Plaintiff asserts that he has witnessed prisoners acting "outright insane" from "tune-attacks."

On June 23, 2026, Judge Mitchell issued a Report (Docket No. 53) recommending that the Court deny Plaintiff's motion for a preliminary injunction. She found that Plaintiff failed to meet the required elements necessary for a preliminary injunction. Plaintiff filed timely objections. Docket No. 55.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

As to conclusions in the Report for which no objections are filed, the Court reviews those findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that the standard of review is "clearly erroneous, abuse of discretion and contrary to law" if no objections to a Magistrate Judge's Report are filed).

Plaintiff raises several objections to the Report: (1) his toxic-smoke claim "fits squarely within the gambit of 'clear and imminent'" and the harm is not speculative; (2) federal intervention in prison management is necessary because TDCJ is "out of control"; (3) the Court must conduct an inquiry into toxic levels of "tune" smoke; and (4) TDCJ's anti-smoking/contraband policies are ignored.

**II.**

**A.**

In his first objection, Plaintiff argues that the harm from "tune" smoke is not speculation and revisits his assertion that the smoke is far more toxic than cigarettes. He contends that he pointed to medical emergencies that he witnessed "from the use and effects of tune smoking." Plaintiff "requests that he be moved from this environment of toxic smoke (inside) the mail facilities building," Docket No. 23 at 4.

Plaintiff must establish four elements to obtain a preliminary injunction: (1) a substantial likelihood he will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) granting of the preliminary injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012).

A preliminary injunction is an extraordinary remedy—to be used sparingly—and a plaintiff seeking such relief must "unequivocally show the need for its issuance." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997); *see also Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (characterizing a preliminary injunction as an "extraordinary and drastic remedy").

To that end, it is well-settled that vague, generalized, conclusory, and unsubstantiated claims of irreparable injury do not meet this demanding standard. *See Anibowei*, 70 F.4th at 904 (vague, conclusory, and unsubstantiated assertions are insufficient to prove irreparable injury); *see also Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003) (holding that Harrison's "vague and speculative conclusion" in his

amended complaint that allowing other prisoners to smoke created an "unhealthy environment" did not sufficiently state a claim). A plaintiff must show that the irreparable injury he would suffer is imminent. *See Humana, Inc. v. Jacobsen*, 804 F.2d 1390, 1394 (5th Cir. 1986).

The Magistrate Judge correctly determined that Plaintiff failed to demonstrate that he will suffer irreparable injury which is imminent if an injunction is not granted. Plaintiff provides no support—other than an unattached purported New York Times article—for his speculation that "tune" smoke is far more toxic than cigarettes. He describes "tune" as an illegal substance that is "chemical based" and sends prisoners to the infirmary; he also claims that "smoke of most any source" presents serious medical risks. Docket No. 23 at 3. These contentions are vague, generalized, and unsubstantiated assertions that do not demonstrate or indicate that Plaintiff will suffer irreparable harm. *See Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991) ("Likelihood of success [much like the threat of imminent irreparable harm] cannot be woven from the gossamer threats of speculation and surmise.").

Moreover, by explaining that the "tune" smoke issue has been prevalent since the COVID-19 pandemic, Plaintiff's allegations do not suggest that any irreparable harm is imminent. *See Anibowei*, 70 F.4th at 903 (explaining that a plaintiff must show a significant threat of injury and that the injury is imminent); *Friends of Lydia Ann Channel v. U.S. Army Corps of Eng'rs*, 701 F. App'x 352, 355 (5th Cir. 2017) ("On

the record before us, neither of Friends's take theories demonstrates a threat of reasonably certain, imminent harm to endangered turtles.").

And while Plaintiff correctly highlights that a prisoner does not have to show serious harm or current symptoms to prevail on a toxic-smoke claim, he must allege more than conclusory, speculative, or generalized claims of irreparable injury to obtain a preliminary injunction. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Thibodeaux v. Myers*, 2022 WL 1184078, at *4 (W.D. La. Mar. 3, 2022) (finding Thibodeaux's smoke inhalation claim conclusory).

**B.**

Plaintiff next objects that federal intervention in prison administration is necessary "when a State prison system is completely out of the State's control."

The Magistrate Judge correctly highlighted that principles of federalism and deference to prison authorities caution against granting the extraordinary remedy of a preliminary injunction. *See Valentine v. Collier*, 455 F.Supp.3d 308, 328 (S.D. Tex. 2020) ("The Court also appreciates deeply the difficulty of running a prison and that courts are ill equipped to undertake the task of prison administration, which is within the province of the legislature and executive branches of government.").

Here, aside from the legal principle that a prisoner does not have a constitutional right to choose his housing area, given Plaintiff's failure to show an imminent threat of irreparable harm and his admission that TDCJ has a non-smoking/contraband policy in place, he failed to illustrate that federal intervention into his housing assignment through a preliminary injunction is warranted.

**C.**

Plaintiff further argues that the Court must conduct its own inquiry into the level(s) of toxic smoke. Not so. Exposing a prisoner to levels of environmental tobacco smoke or other toxins that "pose unreasonable risk of serious damage" to his future health may violate the Eighth Amendment. *See Helling*, 506 U.S. at 36. A prisoner must satisfy two prongs: (1) that he was exposed to unreasonably high levels of environmental tobacco smoke, and (2) a showing of deliberate indifference, which is a demanding standard. *Id.* at 35; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, whether Plaintiff has been exposed to unreasonably high levels of toxic environmental tobacco smoke is but one of two factors to consider.

**D.**

Plaintiff complains that the non-smoking/contraband policies are not followed or enforced. He states that the policies are "ignored." Deliberate indifference requires a showing that prison officials knew of and then disregarded an excessive risk to a prisoner's health and safety—and the Fifth Circuit has held that a prison system that adopts and enforces a non-smoking policy generally does not act with deliberate indifference to a prisoner's rights. *Helling*, 509 U.S. at 36 ("Indeed, the adoption of the smoking policy mentioned above will bear heavily on the inquiry into deliberate indifference.").

Implementing and attempting to enforce a non-smoking policy does not demonstrate that a prison or its officials disregarded the risks of smoking. Plaintiff here admits that prison administrators have "moved a lot of smokers" to another

wing, which is necessarily inconsistent with disregarding the risks of smoking. He has not met the elements necessary for a preliminary injunction.

**III.**

After a review of the Plaintiff's motion, the record, the Magistrate Judge's Report, Plaintiff's objections, and the relevant law, Plaintiff's objections (Docket No. 55) are **OVERRULED**. Accordingly, the Court hereby **ADOPTS** the Report of the United States Magistrate Judge (Docket No. 53) as the findings of the Court. Plaintiff's motion for a preliminary injunction (Docket No. 23) is **DENIED**.

So **ORDERED** and **SIGNED** this **8th** day of **August, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE